IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jardis Industries, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08-7268 |
| v. ) | |
| ) | Judge Andersen |
| Scott Quinn, Michael Anderson, Myco Grafix, ) | Magistrate Judge Ashman |
| Ltd. Inc., Graphic System Supply, Inc., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO COMPEL AND TO FIND OBJECTIONS TO DISCOVERY REQUESTS WAIVED ON THE BASIS OF UNTIMELINESS**

Defendants Myco Grafix, Ltd., Graphic System Services, Inc., Michael Anderson and Scott Quinn ("Defendants"), respectfully move this court for entry of an order that (1) compels Plaintiff Jardis Industries ("Jardis") to respond to written discovery requests propounded upon it by Defendants on September 25, 2009, (2) compels Jardis to produce certain persons for deposition, and (3) finds any and all objections to be made by Jardis to Defendants' discovery requests to be waived on the grounds of untimeliness.

**The Unanswered Written Discovery Requests Propounded by Defendants**

Defendants served their first set of interrogatories and document requests on Jardis via hand delivery on September 25, 2009, making them due on October 26. On November 19, counsel for Defendants inquired in an email as to the status of the outstanding discovery requests. Exhibit A. Counsel for Jardis replied to the email saying his trial schedule was responsible for the delay and provided assurances that the written discovery responses would be served no later than two weeks from that day (i.e., by December 3). Id. On December 4, Defendants' counsel followed up by email asking about the overdue responses. Jardis' counsel blamed his office's short staffing for the continued delay. Exhibit B. Jardis' counsel also

indicated he would be moving to extend the discovery deadlines, which Defendants' counsel interpret as an indication of further indefinite delay. Id. All written discovery requests propounded by Defendants upon Jardis remain unanswered.

### Jardis' Failure to Produce Witnesses for Deposition Pursuant to Notice Duly Given

Defendants served three deposition notices on Jardis on November 19, 2009, to depose Jardis' 30(b)(6) designee, Al Jardis and David Hansen on November 30, 2009. Counsel for Jardis sent an email in reply stating he would not be able to produce any witnesses on that day, but suggested December 14 and or 15 as alternate dates. Exhibit A. (Pursuant to this court's order of September 30, 2009 [Dkt. #41], oral fact discovery is to close on December 15.)

After defense counsel wrote to counsel for Jardis on December 4 to confirm the dates that Jardis' counsel had suggested, Jardis' counsel reversed himself, saying that he didn't "foresee [Jardis'] ability to present them" on either of the dates he had earlier suggested. Exhibit B. Jardis has yet to provide dates for these witnesses' availability. In any event, Defendants' ability to fully depose the witnesses is hampered by Jardis' failure to respond to the outstanding written discovery requests.

### Untimely Discovery Responses Result in Waiver of Objections

Rule 33(b)(2) provides that "[t]he responding party must serve its answers and any objections [to interrogatories] within 30 days after being served with the interrogatories." The Advisory Committee Notes to the 1993 amendments to Rule 33 "make clear that . . . untimely grounds for objection ordinarily are waived."

Rule 34(b)(2)(A) provides that "[t]he party to whom the request [for production] is directed must respond in writing within 30 days after being served." While Rule 34 does not include the same automatic waiver language as does Rule 33, courts are uniform in their

interpretation of the rules as permitting a finding of waiver where objections are not timely made and the party to whom the requests are directed cannot show good cause for the delay. *See Autotech Technologies Ltd. Partnership v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398, n. 2 (N.D.Ill. 2006)("The advisory committee notes to Rule 34(b) state that '[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33 . . . and . . . the discussion in the note appended to that rule is relevant to Rule 34 as well.'").

Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted. *Autotech*, 236 F.R.D. at 398, *citing Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir.1992); *U.S. v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.*, 66 F.R.D. 570, 572 (E.D.Ill. 1975); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 665 (D.Kan. 2004)("It is well settled that the failure to timely assert an objection to an interrogatory results in waiver of the objection.")

### Jardis Can Show No Good Cause for its Delay

Although some delay is almost always foreseeable in the process of litigating a case, Plaintiffs have exceeded reasonable tolerances and now are simply ignoring deadlines. The challenges presented by law office administration should not serve as an excuse for delay in responding to discovery requests or an inability to produce witnesses for deposition within the time frames set forth by court order.  "We live in a world of deadlines. . . . The practice of law is no exception." *Autotech*, 236 F.R.D. at 399, quoting *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Though perhaps *explainable*, Plaintiffs' delays are not *excusable*. The absence of good cause means that objections to written requests should be deemed waived, and that witnesses should be produced as soon as possible.

Counsel for the parties have conferred by telephone pursuant to Local Rule 37.2 but have been unable to resolve the issues set forth in this motion.

WHEREFORE, Defendants ask this court to enter an order:

1. Compelling Jardis, within 7 days, to respond, without objection, to:

    a. Defendant Myco Grafix Ltd.'s First Set of Interrogatories

    b. Defendant Michael Anderson's First Set of Interrogatories

    c. Defendant Graphic System Supply, Inc.'s First Set of Interrogatories

    d. Defendant Scott Quinn's First Set of Interrogatories

    e. Defendant Myco Grafix Ltd.'s First Set of Requests for Production

    f. Defendant Michael Anderson's First Set of Requests for Production

    g. Defendant Graphic System Supply, Inc.'s First Set of Requests for Production

    h. Defendant Scott Quinn's First Set of Requests for Production

2. Finding that because of the untimeliness of its responses to Defendants' discovery requests, any and all objections thereto are waived.

3. Granting such further relief as the court finds appropriate.

Respectfully submitted,

**Michael Anderson**
**Scott Quinn**
**Myco Grafix Ltd.**
**Graphic System Supply, Inc.**

By: s/Evan D. Brown
     By one of their attorneys

| | |
|---|---|
| Evan D. Brown | Steven H. Jesser, Attorney at Law, P.C. |
| Hinshaw & Culbertson LLP | 790 Frontage Road, Suite 110 |
| 222 N. LaSalle, Suite 300 | Northfield, IL 60093 |
| Chicago, IL 60601 | (847) 424-0200 |
| 312-704-3000 | shj@sjesser.com |
| ebrown@hinshawlaw.com | |

6513696v1 896322 69661

CERTIFICATE OF SERVICE

I certify that pursuant to Local Rule 5.5, service of the foregoing DEFENDANTS' MOTION TO COMPEL AND TO FIND OBJECTIONS TO DISCOVERY REQUESTS WAIVED ON THE BASIS OF UNTIMELINESS was accomplished upon all Filing Users pursuant to the Court's Electronic Case Filing system on **December 9, 2009**. The undersigned further certifies that all requirements of Fed. R. Civ. P. 37 have been met.

/s/ Evan D. Brown